**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| CODE-TO-LEARN FOUNDATION D/B/A SCRATCH FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>SCRATCH.ORG, an Internet domain name,<br><br>    Defendant. | Civil Action No. 1:19-cv-67-LO-MSN |

## **PROTECTIVE ORDER WITHOUT SEALING PROVISIONS**

    Plaintiff Code-To-Learn Foundation d/b/a Scratch Foundation and Defendant Scratch.org having jointly requested that the Court issue a protective order to protect the confidentiality of non-public and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case, and the Court having found that good cause exists for issuance of an appropriately-tailored protective order governing the pre-trial phase of this action, it is therefore hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action, by any party or any third party, including but not limited to deposition testimony) that is designated as "Confidential" or "Outside Counsel's Eyes Only" (collectively "Confidential

Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Either the person producing any given Discovery Material or either party to this litigation may designate any Discovery Material as "Confidential" when in the good faith judgment of the party making the disclosure, the Discovery Material contains: proprietary or competitively sensitive information or other private information, the disclosure of which would be detrimental to that party.

3. "Discovery Material" includes the information both as originally produced and in any other form, including copies, notes, and summaries of such information.

4. Either the person producing any given Discovery Material or either party to this litigation may designate as "Outside Counsel's Eyes Only" information that it deems so competitively sensitive that it should not be learned by its competitors or persons with whom it conducts business. Such information shall be disclosed only to: (i) outside counsel who have appeared of record for any party in this case and have signed this Protective Order, and partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel and are engaged in assisting such counsel with respect to this Litigation, (ii) the Court and its personnel involved in this litigation, but only to the extent necessary for such persons to perform their tasks in connection with this litigation; (iii) court reporters, stenographers, and videographers retained to record testimony taken in this action; (iv) any person who appears as the author or as an addressee on the face of the document or who has been identified by the producing party as having been provided with the document or the information by the producing party; and (v) any other person with the prior written consent of the producing party. Such information shall not be disclosed to a party or its agents, other than

agents described in the preceding sentence. Unless specifically noted, all other terms of this Protective Order apply equally to Discovery Material designated as "Confidential" and information designated as "Outside Counsel's Eyes Only." A designation of "Confidential" or "Outside Counsel's Eyes Only" by any party shall have no evidentiary value and shall not be admissible by one party against the other for any purpose.

5. Any person or that person's counsel may designate Discovery Material as "Confidential" or "Outside Counsel's Eyes Only" by stamping or otherwise clearly marking it as "Confidential" or "Outside Counsel's Eyes Only." With respect to deposition transcripts and exhibits, any party or any party's counsel may indicate on the record, or at any time after the conclusion of the deposition, that a question calls for Confidential Discovery Material, in which case the transcript of the designated testimony shall be bound in a separate volume and appropriately marked "Confidential" or "Outside Counsel's Eyes Only" by the reporter.

6. If at any time prior to the trial of this action, either the person producing any given Discovery Material or either party to this litigation realizes that some portion[s] of Discovery Material previously produced without limitation should be designated as Confidential Discovery Material, he may so designate by so apprising all parties in writing, and such Confidential Discovery Material will hereafter be treated according to the terms of this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

3

  (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (f) stenographers engaged to transcribe depositions conducted in this action; and

  (g) the Court and its support personnel.

For the avoidance of doubt, nothing in this Order shall prohibit a party receiving Confidential Discovery Material from disclosing information that is or becomes generally available or known to the general public through no involvement of the receiving party or information that was already fully known by or fully available to the receiving party prior to disclosure.

  8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  9. Whenever a Court conference, hearing, trial or similar proceeding may involve the disclosure of Confidential Discovery Material, the parties shall endeavor to avoid the

unnecessary disclosure of Confidential Discovery Material. The Court has not made any findings that would authorize filings under seal. The parties must follow the procedures authorized by the Court in the event any Confidential Discovery Materials are to be submitted to the Court for filing under seal. The parties have agreed to seek such protection when filing any motion, memorandum, brief or other pleading that exhibits any documents or discloses information obtained from a document that has been designated as "Confidential" or "Outside Counsel's Eyes Only".

10. Any party or producing person who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person or party requesting production a written notice stating with particularity the grounds of the objection or request, or make production under a designation that limits disclosure and/or transmission of produced documents. If agreement cannot be reached promptly, counsel for all affected persons may approach the Court to obtain a ruling. The Confidential Discovery Materials which are the subject of such motion shall be treated in accordance with the designated "Confidential" or "Outside Counsel's Eyes Only" status pending the Court's decision on the motion. In all motions to modify a designation, the Party propounding the designation shall bear the burden of justifying the particular designation made.

11. Each person who has access to Confidential Discovery Material that has been designated as Confidential or Outside Counsel's Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. No Confidential Discovery Materials may be used other than in connection with this litigation or in a manner inconsistent with this Order.

12. If, in connection with this litigation, a party inadvertently discloses information

subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall not disclose the Inadvertently Disclosed Information in the public filing, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material designated as "Confidential" or "Outside Counsel's Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. This Court shall retain jurisdiction over all persons subject to this Order to the

extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

                                                                                _____
                                                                                           Judge

                                                               Date: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CODE-TO-LEARN FOUNDATION D/B/A SCRATCH FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> SCRATCH.ORG, an Internet domain name, <br><br> Defendant. | Civil Action No. 1:19-cv-67-LO-MSN |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____